## NEWMAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 128.

Circuit Court of Appeals, Tenth Circuit.

June 11, 1930.

COTTERAL, Circuit Judge, dissenting.

For former opinion, see 40 F.(2d) 225.

Chas. H. Garnett, of Oklahoma City, Okl., for petitioner.

J. Louis Monarch, Sp. Asst. to the Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The petitioner earnestly contends that he did not receive stock which had a "fair market value" for the reason that he could not sell such stock to any one in 1920 without violating his contract with King and Wood. There is a heavy burden on the taxpayer "of proving that the Commissioner's action was plainly arbitrary." Lucas v. Kansas City Structural Steel Co. (April 14, 1930) 281 U. S. 264, 50 S. Ct. 263, 266, 74 L. Ed. 848. See, also, Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, and Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985. Petitioner received stock in exchange for property which had a ready market value. Under petitioner's contract with King and Wood, he was free, in accordance with a now common practice, to sell and deliver certificates of beneficial ownership in such stock, retaining the legal title to such stock and the voting rights thereunder. Petitioner wholly failed to establish that such certificates of beneficial ownership did not have a ready market value equal to the value which the Commissioner placed upon the property received by the petitioner in such exchange. Therefore, assuming without admitting the correctness of petitioner's contention as to his inability to sell and transfer the legal title to such stock in 1920, it still follows that petitioner failed to carry the burden which rested upon him.

Taxation is an intensely practical matter. Income taxes are levied upon the basis of an annual accounting period. Rates are based upon the needs of the government for revenue and are continually changing. Annual accounting periods must be adhered

to and arbitrary shifting of income from one year to another must be prevented in order to enable Congress to successfully adjust the rates to the needs of the Government. These have become fixed requirements in federal revenue taxation. We are of the opinion that a taxpayer cannot legally avoid such requirements by the simple expedient of an agreement with friends or associates not to sell until all agree and thereby select to his own liking the year in which his tax liability shall arise.

We adhere to our former decision. The petition for rehearing is denied.

COTTERAL, Circuit Judge, dissents.