## DORSEY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7630.

Circuit Court of Appeals, Fifth Circuit.

March 27, 1935.

Eugene P. Locke and Adair Dyer, both of Dallas, Tex., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Joseph M. Jones, Sewall Key, and Norman D. Keller, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and John D. Kiley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The Dorsey Company was held by the Board of Tax Appeals to have realized a gain in the year 1928 by a sale that year to the testamentary trustees of the estate of its recently deceased majority stockholder of a building in the city of Dallas, Tex., which housed its plant. It took a lease back on it. The depreciated cost of the building was $162,000. The consideration recited in the deed was $162,000, and was paid $62,000 in money and $100,000 in 1000 shares of stock of the corporation. The purchasers held much additional stock. The corporation had a capital of $290,000 and had successfully done business for seventeen years, but its management was passing into less experienced hands. Sales of the stock at $100 per share had been made, and that was the book value. The stock in this transaction was treated by the parties as having that value. Shortly afterwards it was noticed that the company had insurance policies on the lives of its officers which had cash surrender value of $54,698, but which were not shown as an investment on the books because the premiums had been charged to expense. With this asset added, the stock of the company had a book value of $119 per share. In figuring the estate taxes of the majority stockholder the stock was by agreement put at that figure. The Board found as a fact that the fair market value of the stock here involved was $119,000.

■ There was evidence to sustain that finding, although the stock does not appear to have been actively traded in. The corporation was a substantial one, had paid regular dividends and accumulated a surplus. It was not the sort of corporation involved in Mount v. Commissioner (C. C. A.) 48 F.(2d) 550.

■ The point of law dealt with by the Board is whether the transaction was controlled by the last sentence of Regulation 74, Art. 66: "A corporation realizes no gain or loss from the purchase or sale of its own stock." A reading of the whole Regulation, which had existed at least since 1918, shows that it referred mainly to the original sale of the capital stock and to stock turned back by stockholders to be resold to raise more capital. It was amended in 1934 by T. D. 4430 to distinguish clearly between original capital transactions and ordinary commercial dealings in its own stock as in that of another corporation. It may well be that a corporation taking its cash and buying its own stock makes neither gain nor loss by the mere purchase. That is true of any purchase for cash. But when in a business exchange for its real estate it receives in part its own stock it is converting by sale a previous purchase, and if what it receives has a fair market value the gain or loss realized in the exchange must be measured and taxed. It is not the purchase of the stock but the sale of the real estate that is regarded. Such is the requirement of the statute. Revenue Act of 1928, § 22 (a), 26 USCA § 2022 (a), includes in gross income "gains * * * derived from * * * sales, or dealings in property, whether real or personal." Section 111 (c), 26 USCA § 2111 (c), provides: "The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received." This plainly means that $62,000 plus $119,000 is to be taken as the amount realized by disposing of this building which cost the corporation $162,000, the difference being a realized gain. The transaction dealt with the stock as though it were stock in some other corporation and was not a distribution to stockholders of capital falling under section 115, 26 USCA § 2115. The stock was not thereby satisfied and canceled, but was put in the treasury as the corporation's property for resale and finally figured in a new capital set-up two years later. That gain or loss arising in such an exchange of property of the corporation for its own stock is realizable, the later and better considered decisions have held, even before the change of the Regulation. Walville Lumber Co. v. Commissioner (C. C. A.) 35 F.(2d) 445; Spear & Co. v. Heiner (D. C.) 54 F.(2d) 134, 135; Commissioner v. Boca Ceiga Development Co. (C. C. A.) 66 F.(2d) 1004. It must be remembered that the rights of corporate creditors are not the point here. From their standpoint the corporation gets nothing for its property when it gets its own stock, and as to them such transactions may sometimes be void or voidable. Robinson, Trustee, v. Wangemann (C. C. A.) 75 F.(2d) 756; Isaacs, Trustee, v. Neece (C. C. A.) 75 F.(2d) 566. For present purposes the matter is viewed from the standpoint of the corporation alone and to see whether the transaction as it made it operated under the statute to realize any profit by the sale of its building. The statute does not postpone realization until a resale of the stock

received or a liquidation of it, but if the stock when got has a fair market value which could be realized in money if the corporation were so minded, the gain is declared realized forthwith.

It is no answer that the corporation and its vendees did not know the real value of the stock and dealt with it as if of the value of only $100,000, for the corporation got and kept the stock. If mistake had been claimed by the vendees and if it had been rectified by repaying $19,000 of the cash consideration, there would of course have been no profit. But this was not done. A scrip dividend based on the policy values was at some later date declared on all the stock except the treasury stock, but this did not efface the profit theretofore realized but was intended rather to distribute it.

The petition for review is denied.