## HAMMOND IRON CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9582.

Circuit Court of Appeals, Fifth Circuit.

Aug. 9, 1941.

E. L. All, Lee C. Bradley, Jr., and A. J. Bowron, Jr., all of Birmingham, Ala., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, William L. Cary, and Morton K. Rothschild, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Pursuant to a corporate resolution authorizing the president to purchase, for $103,231.01, 1,500 shares of its preferred and 500 shares of its common stock for the

company, and to pay for it in cash or other assets of the company or both, petitioner transferred assets then worth that sum but which had cost it considerably more, thus sustaining an actual loss of $109,920.59. On the ground that the transfer to one of its stockholders of a portion of its assets in payment for 1,500 shares of its preferred and 500 shares of its common stock, was a partial liquidation of petitioner and not a sale of assets, giving rise to deductible losses, the commissioner rejected petitioner's deduction as loss to it, of the difference between the cost and sale price of the assets and determined the deficiency accordingly.

The Board sustained the determination but on a wholly different ground. Treating petitioner's claim as one for loss on the purchase and resale of shares of its own stock, and citing Helvering v. R. J. Reynolds Tobacco Company, 306 U. S. 110, 59 S.Ct. 423, 83 L.Ed. 536, it sustained the determination as justified under Art. 66, Treasury Regulation 74, promulgated under the 1928 Act.[1]

Here, insisting that upon its face and upon the plainest principles the transaction was neither a partial liquidation as the commissioner found, nor a loss on a purchase and resale of shares of its own stock as the Board treated it, but simply a realized loss on the sale of corporate assets; that Helvering v. R. J. Reynolds Tobacco Co., supra, is without application; and that the question is ruled by our case of Dorsey Co. v. Commissioner, 5 Cir., 76 F.2d 339, petitioner seeks a reversal.

We agree with petitioner. It does complete violence to the facts to treat the transaction as a partial liquidation with the payment of a liquidating dividend and the surrender of stock for cancellation. Such a position is wholly untenable in fact and in law, for no single element of a liquidating dividend is present. There was a transfer of assets in payment of stock. There was nothing more.

The Board's position that the loss claimed is within the regulation, a "loss from the purchase or sale of its own stock" is equally without basis in the facts. The loss claimed here is precisely the same kind of loss which was claimed and allowed in the Dorsey case. It is a loss not on the purchase of the stock but on the sale of the assets given for the stock. If, instead of paying assets for the stock, petitioner had paid cash for it, it, could not of course, have claimed a loss. Nor, if it had sold the stock before May 2, 1934, when Regulation 74 was amended, by T. D. 4430 XXX-1, Cum. Bull., Page 36,[2] could it have claimed a loss on such sale.

This is what, and all that, was decided in the Reynolds case on which the Board based its decision. The question for decision here was precisely put and as precisely decided in the Dorsey case. The contentions made by the commissioner here were made by the taxpayer there. We rejected them then, we reject them now. What we said there so completely disposes of the matter that we quote and make it the grounds of our decision here:

"The point of law dealt with by the Board is whether the transaction was controlled by the last sentence of Regulation 74, Art. 66: 'A corporation realizes no gain or loss from the purchase or sale of its own stock.' A reading of the whole Regulation, which had existed at least since 1918, shows that it referred mainly to the original sale of the capital stock and to stock turned back by stockholders to be resold to raise more capital. It was amended in 1934 by T. D. 4430 to distinguish clearly between original capital transactions and ordinary commercial dealings in its own stock as in that of another corporation. It may well be that a corporation taking its cash and buying its own stock makes neither gain nor loss by the mere purchase. That is true of any purchase for cash. But when in a business exchange for its real estate it receives in part its own stock it is converting by sale a previous purchase, and if what it receives has a fair market value the gain or loss realized in the exchange must be measured and taxed. It is not the pur-

---

[1] "If * * * the corporation purchases any of its stock and holds it as treasury stock, the sale of such stock will be considered a capital transaction and the proceeds of such sale will be treated as capital and will not constitute income of the corporation. A corporation realizes no gain or loss from the purchase or sale of its own stock."

[2] Where a corporation deals in its own shares as it might in the shares of another corporation the resulting gain or loss is to be computed in the same manner as though the corporation were dealing in the shares of another.

chase of the stock but the sale of the real estate that is regarded." [76 ·F.2d 340.]

The order of the Board is reversed and the cause is remanded with directions to redetermine the deficiency in accordance herewith.

· Reversed and remanded.

