## TRINITY CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10171.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1942.

Robert Ash, of Washington, D. C., for petitioner.

L. W. Post and J. Louis Monarch, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This case involves income and excess-profits taxes of the petitioner, a Texas corporation, for the year 1937. The decision of the Board of Tax Appeals is reported in 44 B. T. A. 1219.

On December 1, 1937, petitioner's principal asset was the Trinity Building in Fort Worth, Texas, which was constructed upon land leased for a ten-year period with an option to renew the lease for similar periods successively until 1987. All of petitioner's stock (5,000 shares) had been

acquired by the Commercial Standard Insurance Company in 1935 for $625,000.

By a series of transactions consummated on December 1, 1937, petitioner transferred its building and lease to the Commercial Company in exchange for $60,000 in cash, real property, and 2,920 shares of petitioner's own stock. It also agreed to keep the lease renewed and to maintain its capital structure constant during the life of the agreement, pledging the stock certificates to guarantee performance of the agreement. The controversy here is as to whether the value of the stock should be considered in determining petitioner's gain or loss on the transaction, and, if so, what was the fair market value of the stock at the time of transfer.

■■ Under Section 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 825, gains or profits derived from sales or dealings in property must be included in gross income. The amount realized from the sale or other disposition of property is the sum of the money received plus the fair market value of the other property received. Sec. 111(b) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 1041. This court has held that the receipt by a corporation of its own stock and other property in exchange for its real property is a conversion, by sale, of a previous purchase; that gain or loss resulting from such sale of corporate property for its own stock is realizable both under the administrative interpretation of the law as it existed from 1918 to 1934, and under the regulation as changed in 1934. Dorsey Co. v. Commissioner, 5 Cir., 76 F.2d 339, 341; Hammond Iron Co. v. Commissioner, 5 Cir., 122 F.2d 4. These decisions are directly in point, and require no elaboration. The fair market value of the stock should have been included in the computation of gain or loss under Section 111(b), supra.

■ The Commissioner ascribed to the stock a fair market value of $73.34539 per share. The Board of Tax Appeals found the valuation to be correct, and upheld the deficiency assessment based thereon. Petitioner contends that the stock had no fair market value, because its use by the petitioner to guarantee performance of its agreement restricted its re-sale. Helvering v. Tex-Penn Oil Co., 300 U.S. 481, 57 S. Ct. 569, 81 L.Ed. 755. However, the sale of the stock was not forbidden by the agreement; the sole effect of the restriction imposed was that a purchaser would take subject to the terms of the agreement. Such a restriction may reduce, but does not destroy, the fair market value.[1] Indeed, in 1938, petitioner sold 320 shares of the stock to the Commercial Company without changing or violating its agreement.

■ In its tax returns for 1937 the Commercial Company valued the 2920 shares of stock transferred by it, and the 2080 shares retained by it, at $125 per share. Petitioner then valued its 2920 shares at $66.56 per share. The stock had been bought in 1935 for $125 per share, and the 320 shares sold in 1938 brought $73.34539 per share, which was the book value then given to the stock by the petitioner. In the light of these supporting facts, the finding of the Board as to the fair market value of the stock must be upheld.[2]

The order of the Board of Tax Appeals is affirmed.

[1] Fesler v. Commissioner, 7 Cir., 38 F. 2d 155; Newman v. Commissioner, 10 Cir., 40 F.2d 225; Id., 10 Cir., 41 F.2d 743, certiorari denied Newman v. Burnet, 282 U.S. 858, 51 S.Ct. 33, 75 L.Ed. 760; Wright v. Commissioner, 4 Cir., 50 F.2d 727; Heiner v. Gwinner, 3 Cir., 114 F.2d 723.

[2] Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 57 S.Ct. 324, 81 L. Ed. 491; Houghton v. Commissioner, 2 Cir., 71 F.2d 656; Commissioner v. Horseshoe Lease Syndicate, 5 Cir., 110 F.2d 748.