## BROWN SHOE CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 12370.
Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1943.

Charles B. McInnis, of Washington, D. C. (Jacob Mertens, Jr., of New York City, Roberts & McInnis, of Washington, D. C., Archibald A. Patterson, of New York City, and G. Kibby Munson, of Washington, D. C., on the brief), for petitioner.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals sustaining a deficiency determined by the Commissioner of Internal Revenue in the income tax of the taxpayer for the year 1937, because of sales by the taxpayer in that year of its own capital stock at a price in excess of its cost. The facts are not disputed. In 1932 the taxpayer, a corporation, in order to induce its president to remain in its service, granted him an option to purchase a stipulated number of shares of the taxpayer's capital stock at an agreed price. In 1932 the taxpayer began the purchase of its stock upon the market in order to be able to meet an exercise of the option granted its president. In 1937 there was an exercise of the option by the president with respect to 1,500 shares, and a release by him of a number of shares covered by the option, on condition that the shares released be sold to taxpayer's employees. The taxpayer realized a profit in the year 1937 from the sale of its shares to its president and employees.

The taxpayer insists that a corporation cannot in truth realize taxable gain from the purchase and sale of its own capital stock, contending that the transaction involved is a capital transaction, and that the interpretative regulation of the Treasury to the contrary, promulgated under the Revenue Act of 1936, controlling here, is void as in conflict with the Act and with the Fifth and Sixteenth Amendments to the Federal Constitution.

The questions presented here and the facts material to their decision are the same as those involved in Edison v. Commissioner, 8 Cir., 133 F.2d 575 in which we sustained the validity of the treasury regulation here under attack as applied to sales of corporate stock made in the year 1937. Reference to the opinion in the Edison case is made for a more particular statement of the grounds which led us to the conclusion that there, as here, the deficiency determination of the Commissioner and the decision of the Board of Tax Appeals sustaining it must be affirmed.

We may say here, however, in view of the arguments in the brief of the taxpayer, that we are unable to give to the opinion of the Supreme Court in R. J. Reynolds Tobacco Co. v. Helvering, 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536, and in Helvering v. Reynolds, 313 U.S. 428, 61 S.Ct. 971, 85 L.Ed. 1438, 134 A.L.R. 1155, the construction for which the taxpayer contends, nor do we find anything in the cases of Choate v. Commissioner, 2 Cir., 129 F.2d 684; Palmer v. Commissioner, 302 U.S. 63, 58 S.Ct. 67, 82 L.Ed. 50; and Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756,' to militate against the conclusion reached by us. We cannot agree that the Court, in the Reynolds Tobacco Company case, held that the treasury regulation in question there did not correctly interpret the revenue act under which it was issued. The statement of the Court in Helvering v. Reynolds, supra, that no importance attached to the fact that the regulation there involved was not promulgated until after the transactions in question in the case, had reference, not

to the transactions involved in the prior Reynolds Tobacco Company case, but in the case then before the Court. The Choate case and the Palmer case involved the question of the taxability of rights issued by a company to its common stock holders to purchase property of the corporation. They have no application here. The Koshland case, so far as applicable here, merely holds that the Secretary of the Treasury is without power, by interpretative regulations, to vary the terms of a revenue act.

The decision of the Board of Tax Appeals is affirmed.