## 488

## UNITED STATES v. STERN BROS. & CO.
## No. 12521.

Circuit Court of Appeals, Eighth Circuit.

June 24, 1943.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., and Richard H. Musser, Asst. U. S. Atty., of Holden, Mo., on the brief), for appellant.

John H. McEvers and Ryland, Stinson, Mag & Thomson, all of Kansas City, Mo., for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and VOGEL, District Judge.

THOMAS, Circuit Judge.

This is an appeal by the United States from a judgment in favor of Stern Brothers & Co., a corporation, in a suit to recover income taxes claimed to have been erroneously assessed by the Commissioner of Internal Revenue for the taxable year 1936. Stern Bros. & Co. v. United States, D.C., 45 F.Supp. 583.

On November 9, 1934, the taxpayer, in order to accommodate one of its stockholders, purchased 50 shares of its own capital stock for $5,000. The stock was held in its treasury until November 10, 1936, when the same shares were sold to one of its officers for $9,871.45. The Com-

missioner determined that the $4,871.45, representing the difference between the purchase price and the sale price, constituted taxable income and assessed the tax here in dispute.

Article 22(a)-16 of Treasury Regulations 94 promulgated under the Revenue Act of 1936, explaining § 22(a) of the Revenue Act of that year, 26 U.S.C.A. Int.Rev.Acts, page 825, provides that:

"The receipt by a corporation of the subscription price of its capital stock upon their original issuance gives rise to neither taxable gain nor deductible loss, * * *

"But if a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss is to be computed in the same manner as though the corporation were dealing in the shares of another. * * *"

After finding the facts the court determined as a conclusion of law that "In purchasing and selling said 50 shares of stock the plaintiff [taxpayer] did not deal in its own shares either as it dealt or as it might have dealt in the shares of another corporation. Plaintiff did not deal in its own stock." Judgment was accordingly rendered against the appellant and in favor of the taxpayer for $1,485.50 with interest and costs.

The government contends that the court erred in so determining and adjudging.

The judgment appealed from was rendered July 7, 1942. Thereafter on February 3, 1943, this court filed its opinions and decisions in Edison Bros. Stores, Inc., v. Helvering, 8 Cir., 133 F.2d 575, certiorari denied 63 S.Ct. 1166, 87 L.Ed. ——, and Brown Shoe Co., Inc., v. Commissioner, 8 Cir., 133 F.2d 582. The issues presented here are the same as the questions decided in those cases, and the same arguments are urged in support of the contentions of the parties here as there. In the cited cases the court held that the purchase by a corporation of its own stock for the purpose of reselling it to its employees is immaterial under the statute and the regulations; that when a corporation buys its own stock, holds it in its treasury as an asset, and later sells it at a profit, such gain is taxable income. The Second and Fifth Circuit Courts of Appeals reached the same result in Allen v. National Manufacture & Stores Corp., 5 Cir., 125 F.2d 239, certiorari denied 316 U.S. 679, and Commissioner v. Air Reduction Company, 2 Cir., 130 F.2d 145, certiorari denied 317 U.S. 681, 63

S.Ct. 201, 87 L.Ed. ——. These decisions are controlling here and require a reversal of the judgment appealed from.

Reversed with instructions to vacate the judgment for appellee and to dismiss the complaint with costs.