### EDWIN L. WIEGAND CO. v. UNITED STATES.

No. 45664.

Court of Claims.

May 7, 1945.

Harry Friedman, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The question presented in this case is whether under the provisions of sec. 22 of the Revenue Act of 1936, 49 Stat. 1648, 1657, 26 U.S.C.A. Int.Rev.Acts, page 825, continued unchanged in all subsequent taxing acts and in Regulations 94, art. 22(a)–16, first adopted and promulgated May 2, 1934 in T.D. 4430 (XIII–1 C.B. 36), a gain of $2,100 derived by a corporation on the transfer or sale by it for $3,600 of certain shares of its own stock (not as an original issue) which it had previously acquired or purchased at $1,500, should be regarded as taxable income, or whether such a purchase and sale should be treated as a capital transaction giving rise to neither taxable gain nor deductible loss.

The Commissioner of Internal Revenue held that the excess of the sale price over the purchase price was taxable income to plaintiff in 1927, and defendant insists that this decision was correct and legal. Plaintiff takes the position that this excess of $2,100 represented capital paid in for stock and was not, therefore, taxable income within the meaning of the Sixteenth Amendment to the Constitution and sec. 22, supra; that art. 22(a)–16, Regs. 94, does not apply because plaintiff was not engaged in "dealing in its own shares as it might in the shares of another corporation," and that, if the regulation does apply to a single transaction, it is invalid.

The pertinent provisions of sec. 22, Revenue Act of 1936, applicable to the case, have been in effect unchanged under all revenue acts since the adoption of the Sixteenth Amendment, and are in effect at the present time. These provisions are as follows:

"(a) General Definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

The Treasury regulations in effect from 1920, made under the Revenue Act of 1918, 40 Stat. 1057, until May 2, 1934, provided (art. 542, Reg. 45) that: "If, * * * for any * * * purpose, the stockholders donate or return to the corporation to be resold by it certain shares of stock of the company previously issued to them, or if the corporation purchases any of its stock and holds it as treasury stock, the sale of such stock will be considered a capital transaction and the proceeds of such sale will be treated as capital and will not constitute income of the corporation. A corporation realizes no gain or loss from the purchase of its own stock. See articles 563, 861, and 862." The last-quoted sentence was changed in 1924 by art. 543, Reg. 65, to read: "A corporation realizes no gain or loss from the purchase or sale of its own stock."

The amended regulation of the Commissioner of Internal Revenue, approved by the Secretary of the Treasury, promulgated May 2, 1934, and ever since continued (art. 22(a)–16, Reg. 94, supra), provides as follows:

"Art. 22. (a)–16. Acquisition or disposition by a corporation of its own capital stock.—Whether the acquisition or disposition by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction, which is to be ascertained from all its facts and circumstances. The receipt by a corporation of the subscription price of shares of its capital stock upon their original issuance gives rise to neither taxable gain nor deductible loss, whether the subscription or issue price be in excess of, or less than, the par or stated value of such stock.

"But if a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss is to be computed in the same manner as though the corporation were dealing in the shares of another. So also if the corporation receives its own stock as consideration upon the sale of property by it, or in satisfaction

of indebtedness to it, the gain or loss resulting is to be computed in the same manner as though the payment had been made in any other property. Any gain derived from such transactions is subject to tax, and any loss sustained is allowable as a deduction where permitted by the provisions of the Act."

The occasion for the adoption of the above-quoted regulation modifying the regulations previously existing, and as contained in art. 543, Reg. 65, supra, and corresponding articles in Regs. 69, 74, and 77, appears to have been the opinion of the court in Commissioner of Internal Revenue v. S. A. Woods Machine Co., 1 Cir., 57 F.2d 635, 636, certiorari denied 287 U.S. 613, 53 S.Ct. 15, 77 L.Ed. 532. In that case the Woods Company had obtained a decree of patent infringement against the Yates Machine Company, which owned stock in the Woods Company. The parties settled the controversy as to damages and in connection therewith the Yates Company transferred to the Woods Company, with other considerations, 1,022 shares of the stock of the Woods Co., for $433,200.04. For these considerations the Woods Company acknowledged satisfaction of its rights under the decree of infringement. After the receipt of the stock the Woods Company, by corporate action, retired it, thereby reducing its capital stock from 3,000 to 1,978 shares. The Treasury held that the value of the stock so received by the Woods Company was taxable income to it, and the Board of Tax Appeals, now the Tax Court, reversed the decision and held in accordance with its prior decisions that a "corporation realizes no gain or loss from the purchase or sale of its own stock." The Court of Appeals reversed the Board and, after quoting art. 543, Reg. 65, said, at page 636 of 57 F.2d that: "Whether the acquisition or sale by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction involved. * * * If it was in fact a capital transaction, i. e., if the shares were acquired or parted with in connection with a readjustment of the capital structure of the corporation, the Board rule applies. * * * But where the transaction is not of that character, and a corporation has legally dealt in its own stock as it might in the shares of another corporation, and in so doing has made a gain or suffered a loss, we perceive no sufficient reason why

the gain or loss should not be taken into account in computing the taxable income. The view taken by the Board of Tax Appeals (see Houston Brothers Co. v. Commissioner [of Internal Revenue], 21 B.T.A. 804) presses accounting theory too far in disregard of plain facts. * * * In Knickerbocker Importation Co. v. [State] Board of Assessors, 74 N.J.L. 583, 585, 65 A. 913, 915, 7 L.R.A.,N.S., 885, the plaintiff corporation was held liable for the franchise tax on its own stock which it had bought and held in its treasury. The court said: 'Stock once issued is and remains outstanding until retired and canceled by the method provided by statute for the retirement and cancellation of capital stock.'"

After the promulgation in 1934 of the new regulation above quoted, the Commissioner of Internal Revenue applied it not only prospectively but sought to apply it in the decision of cases involving such transactions concluded in taxable years prior to its adoption and promulgation. Two of such cases were Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536, involving 1929, and First Chrold Corporation v. Commissioner of Internal Revenue, 306 U.S. 117, 59 S.Ct. 427, 83 L.Ed. 542, involving 1933. The court in the opinion in the Reynolds Co. case refused to permit a retroactive application of the changed or amended regulation to a sale by the corporation of treasury stock in 1929 at a profit, and after holding (306 U.S. 114, 59 S.Ct. 425, 83 L.Ed. 536), that the language of the statute defining gross income was "so general in its terms as to render an interpretative regulation appropriate," said, 306 U.S. 114, 115, 59 S.Ct. 425, 83 L.Ed. 536:

"The administrative construction embodied in the regulation has, since at least 1920, been uniform with respect to each of the revenue acts from that of 1913 to that of 1932, as evidenced by Treasury rulings and regulations and decisions of the Board of Tax Appeals. In the meantime successive revenue acts have reenacted, without alteration, the definition of gross income as it stood in the Acts of 1913, 1916, and 1918. Under the established rule Congress must be taken to have approved the administrative construction and thereby to have given it the force of law."

Accordingly the court held that the "tax liability for the year 1929 is to be determined in conformity with the regulation

then in force." The court, however, refused to decide the question as to whether the amended and changed regulation might properly be applied to a similar sale consummated after the amended regulation became effective and, at pages 116 and 117 of 306 U.S., at page 426 of 59 S.Ct., 83 L.Ed. 536, said:

"Since the legislative approval of existing regulations by reenactment of the statutory provision to which they appertain gives such regulations the force of law, we think that Congress did not intend to authorize the Treasury to repeal the rule of law that existed during the period for which the tax is imposed. We need not now determine whether, as has been suggested, the alteration of the existing rule, even for the future, requires a legislative declaration or may be shown by reenactment of the statutory provision unaltered after a change in the applicable regulation. As the petitioner [Helvering] points out, Congress has, in the Revenue Acts of 1936 and 1938, retained Section 22(a) of the 1928 Act in haec verba. [26 U.S.C.A. Int.Rev.Code, § 22(a)]. From this it is argued that Congress has approved the amended regulation. It may be that by the passage of the Revenue Act of 1936 the Treasury was authorized thereafter to apply the regulation in its amended form. But we have no occasion to decide this question since we are of opinion that the reenactment of the section, without more, does not amount to sanction of retroactive enforcement of the amendment, in the teeth of the former regulation which received Congressional approval, by the passage of successive Revenue Acts including that of 1928."

■■ Since, as the Supreme Court held, the language of the statutes defining taxable gross income is "so general in its terms as to render an interpretative regulation appropriate," the rule of reasonableness and Congressional approval by ratification of administrative interpretation and application, as applied in the Reynolds Co. case, gives equal support to the validity of the amended regulation, applied prospectively, as a modification or reversal of the prior regulation as to cases such as we have here. Although the court in the Reynolds case declined to pass upon the question here presented, because it was not there involved, it apparently recognized the force of the argument here made as to Congressional approval of the amended regulation as applied

to stock sales made after its adoption in the statement that: "It may be that by the passage of the Revenue Act of 1936 the Treasury was authorized thereafter to apply the regulation in its amended form." The Revenue Act of 1938, effective May 28, 1938, 52 Stat. 447, also reenacted without change sec. 22 defining gross income, and the provisions of that section remained unchanged in the enactments of the amendatory Revenue Act of 1939, 53 Stat. 862, the first and second Revenue Acts of 1940, 54 Stat. 516 and 54 Stat. 974, the Revenue Act of 1941, 55 Stat. 687, the Revenue Act of 1942, 56 Stat. 798, and the Revenue Act of 1943, 57 Stat. 126, 26 U.S.C.A. Int.Rev. Code, § 22.

In view of this apparent Congressional acquiescence and approval of the interpretation of Section 22 by the amended regulation that a gain derived by a corporation from the purchase and sale of its stock constitutes taxable income, and in view of the decisions of the courts in cases decided under this regulation subsequent to the decision in the Reynolds Tobacco Co. case, supra, we are of opinion that defendant properly taxed plaintiff on the gain of $2,100 derived from the sale of the twenty shares of its own stock in 1936. The amended regulation of May 2, 1934, has been upheld and applied, in cases like the one here under consideration, in Commissioner of Internal Revenue v. Air Reduction Co., Inc., 2 Cir., 130 F.2d 145; Helvering v. Edison Bros. Stores, Inc., 8 Cir., 133 F.2d 575; Brown Shoe Co., Inc. v. Commissioner of Internal Revenue, 8 Cir., 133 F.2d 582; United States v. Stern Bros. & Co., 8 Cir., 136 F.2d 488; Allen v. National Manufacture & Stores Corporation, 5 Cir., 125 F.2d 239; Trinity Corporation v. Commissioner of Internal Revenue, 5 Cir., 127 F.2d 604; Dow Chemical Co. v. Kavanagh, 6 Cir.; 139 F.2d 42; Superheater Co. v. Commissioner, 1943 Tax Court Memorandum Decisions and Aviation Capital, Inc., v. William J. Pedrick, 2 Cir., 148 F.2d 165. See also, American Chicle Co. v. United States, 41 F.Supp. 537, 94 Ct.Cl. 699, 710-711, affirmed 316 U.S. 450, 454, 455, 62 S.Ct. 1144, 86 L.Ed. 1591.

The other arguments made by plaintiff that the regulation does not apply to the instant case because plaintiff was not engaged in dealing in its own stock; that if the gain of $2,100 is taxable the taxable portion must be limited to the difference, if any, between

the selling price of $3,600 and the fair market value of the stock on October 19, 1936, and that the amended regulation applied prospectively is invalid because it changes without statutory authority an interpretation of long standing, were considered and rejected in certain of the cases above cited. See, also, Helvering v. Wilshire Oil Co., 308 U.S. 90, 99-103, 60 S.Ct. 18, 84 L.Ed. 101, and Helvering v. Reynolds, 313 U.S. 428, 431, 432, 61 S.Ct. 971, 85 L.Ed. 1438, 134 A.L.R. 1155, as to the last-mentioned argument that the Commissioner was not authorized to change the regulation.

Plaintiff is not entitled to recover and the petition is therefore dismissed. It is so ordered.

WHALEY, Chief Justice, and MADDEN, and WHITAKER, Judges, concur.

JONES, Judge, took no part in the decision of this case.