BURRUS MILLS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35296. Filed July 14, 1954.

*Iverson Walker*, *Esq.*, and *Edward L. Wilson*, *Esq.*, for the petitioner.

*John W. Alexander, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The parties are agreed that gain was realized on the sale of the treasury shares here involved and the amount thereof. The only question is whether the gain was taxable under Regulations 111, section 29.22 (a)–15.[1]

Petitioner acquired the shares in question in the 1930's in transactions which amounted to purchases and sales, albeit the bulk of the shares was transferred to petitioner in partial consideration for the sale of corporate property. *Dorsey Co.* v. *Commissioner*, (C. A. 5) 76 F. 2d 339; *Commissioner* v. *Boca Ciega Development Co.*, (C. A. 3) 66 F. 2d 1004. The shares were not canceled or retired, but were held in the corporate treasury until their sale at a profit in the fiscal year ended May 31, 1947. We do not think this was a "capital transaction." Neither the fact that the sales were made

[1] Regulations 111, section 29.22(a)–15, provides:

ACQUISITION OR DISPOSITION BY A CORPORATION OF ITS OWN CAPITAL STOCK.—Whether the acquisition or disposition by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction, which is to be ascertained from all its facts and circumstances. The receipt by a corporation of the subscription price of shares of its capital stock upon their original issuance gives rise to neither taxable gain nor deductible loss, whether the subscription or issue price be in excess of, or less than, the par or stated value of such stock.

But if a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss is to be computed in the same manner as though the corporation were dealing in the shares of another. So also if the corporation receives its own stock as consideration upon the sale of property by it, or in satisfaction of indebtedness to it, the gain or loss resulting is to be computed in the same manner as though the payment had been made in any other property. Any gain derived from such transactions is subject to tax, and any loss sustained is allowable as a deduction where permitted by the provisions of the Internal Revenue Code.

pursuant to an employee stock purchase plan nor the fact that the purchasing employees were bound to grant petitioner an option to repurchase upon termination of employment is controlling.

We have examined all the "facts and circumstances" to determine "the real nature of the transaction" before us, and, as we view it, the factual situation differs in no significant respect from those with which this Court was concerned in *Batten, Barton, Durstine & Osborn, Inc.*, 9 T. C. 448 (1947), revd. (C. A. 2) 171 F. 2d 474; *Rollins Burdick Hunter Co.*, 9 T. C. 169 (1947), revd. (C. A. 7) 174 F. 2d 698; *H. W. Porter & Co.*, 14 T. C. 307 (1950), revd. (C. A. 3) 187 F. 2d 939; and *Timkin-Detroit Axle Co.*, 21 T. C. 769 (1954). In the latter case we refused to follow the reversals in the Courts of Appeals. Our decisions in those cases were to the effect that no taxable gain was realized by petitioners since they were not dealing in their own shares as they "might in the shares of another corporation." The reversals followed.

As recently pointed out by the Court of Appeals for the Sixth Circuit in *Commissioner* v. *Landers Corp.*, 210 F. 2d 188, reversing a Memorandum Opinion of this Court, on a similar issue, the differences between the Courts of Appeals and this Court stem from differing constructions placed on Regulations 111, section 29.22(a)–15. This conflict was analyzed at length by the Court of Appeals in the *Landers* case and need not be repeated here.

We decide the issue for respondent following the Courts of Appeals decisions cited above.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

VAN FOSSAN, MURDOCK, TURNER, JOHNSON, and WITHEY, *JJ.*, dissent.