## UNTERMYER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 369.

Circuit Court of Appeals, Second Circuit.
June 27, 1932.

Eugene Untermyer and Charles S. Guggenheimer, both of New York City (William J. Donovan, of New York City, of counsel), for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. Arthur Adams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The petitioner, a citizen and resident of the United States, in 1922, received a dividend of $42,000 from a mining corporation of Canada. In his tax return for that year, he reported $20,815.20, as representing a taxable dividend, and the balance of $21,-184.80, as not subject to income tax, pursuant to advices received from the Canadian mining company, upon the ground that this sum was paid from a fund which was set apart by the corporation as representing, according to the tax authorities of the Dominion of Canada, a proper deduction for depletion. This amount was consistent with the depletion rule made by the tax authorities of Canada. The respondent refused to allow this sum to be nontaxable as depletion. It resulted in a deficiency of $5,555.08. The Board of Tax Appeals sustained respondent's determination.

The distribution of $42,000 was made from the mining company's surplus out of earnings and profits and is a dividend. Section 201 (a), Revenue Act 1921, chapter 136, 42 Stat. 227, 228. But petitioner now contends that the distribution received by him was paid out of accumulated earnings or profits only to the extent of $26,897.64 and the balance of $15,102.36 was paid out of depletion reserve, and hence is tax free as being a return of capital.

The sustained depletion and the earned surplus of the corporation must be computed according to the revenue laws of the United States. The taxing acts make allowances for depletion, based upon costs, limited to the amount of capital invested. Section 234(a) (9), Revenue Act 1921, 42 Stat. 254; section 234(a) (9), Revenue Act 1918, 40 Stat. 1077. It is regarded as a return of capital, not a special bonus for enterprise or for willingness to assume risks. United States v. Ludey, 274 U. S. 303, 47 S. Ct. 608, 71 L. Ed. 1054. This theory of the nature of depletion allowances agrees with accounting principles. Holmes Federal Taxes (6th Ed.) pp. 1100, 1102. And it is in line with the policy embodied in the provisions of the revenue laws which, upon the conversion of a capital asset, taxes any increment in value. Sections 213 (a), 202, Revenue Act 1921, 42 Stat. 229, 237.

█ **The** reasons which impel the taxing authorities of Canada to make allowances for depletion are not material here. However, it may be noted that the allowance there has no relation to the cost or the quantity of ore extracted. The amount of the allowances seems to be discretionary as fixed by the Minister of Finance. The reasons and the method which impelled Congress to grant allowances for depletion are set forth in United States v. Ludey, supra. Our revenue acts have their own criterion and look to tests of liability and exemption. Weiss v. Weiner, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720. We have not permitted provisions of the federal tax law to be abridged by the provisions of local statutes. Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183; New York, N. H. & H. R. R. v. United States, 269 F. 907 (C. C. A. 2); Boston & Maine R. R. v. United States, 265 F. 578 (C. C. A. 1).

Nor is the petitioner subject to the Canadian Tax Law. He was not a party before that administrative authority in any way. The administration of the Canadian Taxing Act granting allowances for depletion conferred no rights and incurred no obligations upon him so far as his tax liability to the United States was concerned, at least none that the Commissioner here could recognize. The Disconto Gesellschaft v. Umbreit, 208 U. S. 570, 28 S. Ct. 337, 52 L. Ed. 625; Townsend v. Jemison, 9 How. (50 U. S.) 407, 13 L. Ed. 194.

Whether the distributions received by the petitioner in 1922 were entirely from earned surplus must be determined in accordance with our revenue laws. The Commissioner has determined that the petitioner was paid out of earned surplus of the Canadian mining company and that the amount received was taxable to him as a dividend. That determination is binding.

Order affirmed.