*602 The opinion of the Supreme Court was delivered by
Mr. Justice Roberts,
as follows:
This case involves the application of Section 131 (f) of the Revenue Acts of 1936 and 1938[1] which allows a tax credit to domestic corporations in respect of income received from foreign subsidiaries.
During the taxable years 1936,1937, and 1938, the petitioner, a domestic corporation, received dividends from foreign subsidiaries of which it was sole stockholder. The subsidiaries paid taxes upon their earnings to the countries of their domicile. In its income tax returns the petitioner claimed the credit allowed by § 131 for the foreign taxes so paid. The Commissioner of Internal Revenue computed the credit at a less sum than that the petitioner claimed. The petitioner paid the resultant taxes and presented claims for refund, which were rejected. This action was brought in the Court of Claims for asserted overpayments.
*603 The sole matter in controversy is the proper method of arriving at the credit granted by § 131. That section permits a domestic corporation to credit against its tax the amount of income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country, with certain limits set by subsections (b) (1) and (2). The purpose of the provision, like that of its predecessor, § 238 of the Revenue Act of 1921,[2] is to obviate double taxation.[3]
Section 131 (f), dealing with taxes of a foreign subsidiary,[4] provides that, for the purpose of the section, a domestic corporation receiving dividends from such a subsidiary “in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid” by the subsidiary to a foreign country, “upon or with respect to the accumulated profits” of the subsidiary “from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits.” “Accumulated profits” of the subsidiary are defined as “the amount of its gains, profits, or income in excess of the income., war-profits, and excess-profits taxes imposed upon or with respect to such profits or income.”
The parties are in agreement as to the fraction to be used in calculating the proportion. The numerator is the dividends received by the parent. The denominator is the “accumulated profits” of the subsidiary. The dispute relates to the multiplicand to which the fraction is to be applied. The petitioner says it is the total foreign taxes paid by the subsidiary. The respondent says it is the taxes paid upon or with respect to the accumulated profits of the subsidiary; i. e., so much of the taxes as is properly attributed to the accumulated profits, or the same proportion of the total taxes which the accumulated profits bear to the total profits. The Court of Claims so held.[5] Since several decisions have gone the other way,[6] we granted certiorari.
If the language of the Revenue Act is to be given effect, the Government’s view seems correct. The statute does not purport to allow a credit for a stated proportion of the total foreign taxes paid or the foreign taxes paid “upon or Avith respect to” total foreign profits, but for *604 taxes paid “upon or with respect to” the subsidiary’s “accumulated profits,” which, by definition, are its total taxable profits less taxes paid.
If, as is admitted, the purpose is to avoid double taxation, the statute, as written, accomplishes that result. The parent receives dividends. Such dividends, not its subsidiary’s profits, constitute its income to be returned for taxation. The subsidiary pays tax on, or in respect of, its entire profits; but, since the parent receives distributions out of what is left after payment of the foreign tax, — that is, out of what the statute calls “accumulated profits,” it should receive a credit only for so much of the foreign tax paid as relates to or, as the Act says, is paid upon, or with respect to, the accumulated profits.
Hence we think that, under the plain terms of the Act, the Commissioner and the court below were right in limiting the credit by the use as multiplicand of a proportion of the tax paid abroad appropriately reflecting the relation of accumulated profits to total profits of the subsidiary. But the petitioner insists that the legislative history and a long indulged administrative construction require us, in effect, to elide the phrase “upon or with respect to the accumulated profits” of the foreign subsidiary.
Section 240 (c) of the Revenue Act of 1918 [7] allowed the domestic parent receiving dividends from a foreign subsidiary a credit for the same proportion of the taxes paid by the foreign corporation during the taxable year to any foreign country which the amount of the dividends received by the parent during the taxable year bore to the total taxable income of the subsidiary upon or with respect to which such taxes were paid.
This provision had the same object as § 131 of the Revenue Acts of 1936 and 1938; that is, to avoid double taxation. The difficulty with it was that it did not relate the credit to the accumulated profits or surplus of the subsidiary out of which the dividends were paid. Thus, if dividends were paid out of surplus earned in prior years, and it happened that the subsidiary paid no tax to the foreign country in the taxable year in question, the parent could claim no credit whatever. There were other eccentric results flowing from the provision, of the Act of 1918.
In the Revenue Act of 1921 § 238 (e)[8] was the analogous section. The draftsman of the section stated to the Senate Committe in charge of the measure: “I rewrote the old provision, safeguarding it from some *605 abuses which it was open to and closing up some of the gaps that were in the old provision.” Section 238 (e) is substantially the same as § 131 (f). The alterations of § 240 (c) of the Act of 1918 were made to permit identification of the accumulated profits of each taxable year out of which the dividends might have been paid and to give credit for a proportion of the subsidiary’s taxes attributable to such accumulated profits.
The Chairman of the Senate Finance Committee indicated that the calculation of the proportion of foreign tax paid would be exactly the same as it had been under the 1918 Act. But this would be true only if the dividends were paid in a given year out of the prior year’s earnings and taxes were paid in the same year in respect of the same prior year’s earnings. The petitioner seeks in this case to apply the proportion provided by the 1918 Act; but this is to ignore the alterations made in that Act in 1921 which have ever since been retained. In Committee hearings and in Congressional Reports with respect to the purpose and effect of the changes wrought by the 1921 Act there were statements indicating an understanding that the credit was to be proportioned to the dividends made available to the parent in this country.
The Treasury made no regulation applicable to § 238 (e) of the Revenue Act of 1921. It provided a form for reporting the tax, which sanctioned the petitioner’s method of computing the credit; and, from 1921 to 1930, the Commissioner calculated credits for foreign subsidiaries’ taxes by that method. In 1930, however, the Treasury promulgated a new form which required the credit to be computed in the way the Commissioner did in the present case; and promulgated Regulations 77 under the Revenue Act of 1932, which, in Article 698, required the computation of the credit in the same manner. The regulations have since remained unchanged : See Regulations 103 §§ 19.131-3 and 19.131-8. Although the regulations definitely govern this case, and were made prior to the years in controversy, the petitioner insists that the antecedent administrative interpretation long in force renders it impossible for the Commissioner to promulgate a regulation changing for the future the earlier practice, even though the new regulation comports with the plain meaning of' the statute. We think the contention cannot be sustained.[9]
The judgment is affirmed.

 49 Stat. 1648, 1696; 52 Stat. 447, 606 ; 26 U. S. C. §■ 131.

 42 Stat. 227, 258.

 Burnet v. Chicago Portrait Co., 285 U. S. 1.

 A foreign corporation of whose voting stock the taxpayer owns a majority.

 94 C. Cls. 699; 41 F. Supp. 537.

 F. W. Woolworth Co. v. United States, 91 F. 2d 973; International Milling Co. V. United States, 89 C. Cls. 128, 27 F. Supp. 592; Aluminum Co. of America v. United States, 123 F. 2d 615.

 c. 18, 40 Stat. 1057, 1082.

 c. 180, 42 Stat. 227, 259.

 Helvering v. Wilshire Oil Co., 308 U. S. 90; Helvering v. Reynolds, 313 U. S. 428; White v. Winchester Country Club, 315 U. S. 32.