COCA–COLA CO. v. UNITED STATES.

No. 45226.

Court of Claims.

June 5, 1944.

John E. McClure, of Washington, D. C. (O. H. Chmillon, Maud Ellen White, and Miller & Chevalier, all of Washington, D. C., and Spalding, Sibley & Troutman, of Atlanta, Ga., on the brief), for appellant.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

In the year 1933 the plaintiff, incorporated under the laws of Delaware, owned

all of the stock of The Coca-Cola Company of Canada, Ltd. In that year it received from its Canadian subsidiary dividends of $6,429,201.62 in Canadian currency. In United States currency this amounted to $5,732,378.87.

The question presented is the credit to which plaintiff is entitled for foreign taxes paid by its subsidiary on the earnings out of which these dividends were paid.

Section 131 of the Revenue Act of 1932, 47 Stat. 169, 211, 212, 26 U.S.C.A. Int.Rev. Acts, page 531, allows a taxpayer a credit against taxes due the United States of the amount of income, war-profits, and excess-profits taxes paid or accrued to a foreign country. Subdivision (f) of that section reads in pertinent part as follows:

"For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends * * * in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country * * * upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits: Provided, That the amount of tax deemed to have been paid under this subsection shall in no case exceed the same proportion of the tax against which credit is taken which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included. * * * and the Commissioner with the approval of the Secretary shall have full power to determine from the accumulated profits of what year or years such dividends were paid; treating dividends paid in the first sixty days of any year as having been paid from the accumulated profits of the preceding year or years (unless to his satisfaction shown otherwise), and in other respects treating dividends as having been paid from the most recently accumulated gains, profits, or earnings. * * *"

Acting pursuant to the authority granted by this subsection, the Commissioner computed the foreign tax credit to which plaintiff was entitled at $709,692.89. In doing so, he treated the value of 30 shares of stock in the Rohawa Company, which plaintiff received in 1931 from its Canadian subsidiary, as a taxable distribution. However, in the case of Coca-Cola Co. v. United States, 47 F.Supp. 109, 97 St.Cl. 241, we decided that plaintiff received these shares of stock in a nontaxable reorganization, and that plaintiff was not required to include the value of them in its gross income for income tax purposes.

The defendant does not dispute the correctness of this decision and agrees, subject to the reservation mentioned below, that the foreign tax credit should be recomputed in the manner set out in finding 13. As so computed the plaintiff is entitled to a foreign tax credit of $734,296.22.

As originally computed, the defendant had treated the dividends as having been paid out of the income for 1933, 1932, 1931, 1928, and 1927. The elimination of the value of the stock of the Rohawa Company from dividends paid out of earnings results in a determination that the dividends received in 1933 were paid out of earnings for the years 1933, 1932, 1931, and 1930, as shown in finding 13. In defense of its former computation the defendant merely suggests the idea that plaintiff may not be entitled to claim a credit in excess of $709,692,89, since in its claim for refund it did not expressly claim that the dividends paid in 1933 were paid out of earnings for the years 1930, 1931, 1932, and 1933. There is nothing in this suggestion, because at the time plaintiff filed its claim for refund the defendant had not made the assertion that the distribution of the Rohawa shares of stock was a taxable dividend, and, therefore, that the dividend paid in 1933 was attributable to any years other than 1930, 1931, 1932, and 1933; and plaintiff in its claim for refund computed its foreign tax credit upon the basis that the dividends were paid out of the income for these four years.

We hold, therefore, that plaintiff is entitled to a foreign tax credit of not less than $734,296.22.

This brings us to the question of the proper computation of the limitation on the amount of the credit for taxes deemed to have been paid the foreign country, as set out in the proviso to section 131(f).

The parties are in agreement that the total amount of taxes deemed to have been paid is $751,525.78. However, they disagree as to the limitation placed by the

proviso on the amount of the credit which can be taken. The taxpayer computes this limitation by applying to the taxes paid by the domestic corporation the ratio of the dividends received to the entire net income in which they are included. The defendant divides up "the amount of such dividends" into four parts: (1) The part deemed to have been paid out of 1930 accumulated earnings; (2) the part deemed to have been paid out of 1931 accumulated earnings; (3) the amount deemed to have been paid out of 1932 accumulated earnings; and (4) the amount deemed to have been paid out of 1933 accumulated earnings. It then ascertains the ratio of each of these component parts to plaintiff's total net income for the year 1933, and it applies these ratios to the tax paid by the domestic corporation for the year 1933. In three of the years the limitation was greater than the amount of the tax deemed to have been paid, but in the year 1933 it was less by $17,229.56. Accordingly, the Commissioner of Internal Revenue reduced by this amount the credit for foreign taxes paid.

■ The purpose of subsection (f) seems plain: it is to give the domestic corporation credit for that part of the foreign taxes paid by its subsidiary on the income from which the dividend was paid in the ratio of the dividend paid to the accumulated profits on which the foreign taxes were levied; then it was its further purpose to limit this credit so that it would not exceed the amount of the United States taxes that would have been paid by the parent company had the income, received by it in the form of dividends, been derived from sources within the United States.

In other words, it was intended that a domestic corporation receiving dividends and paying taxes on them to the United States should be entitled to a credit of the proportionate part of the taxes its subsidiary had paid to a foreign country on the accumulated profits out of which the dividends had been paid; but if the taxes paid to the foreign country with respect to the accumulated profits out of which the dividends were paid were greater than the taxes which the American corporation would have paid to the United States on income earned in the United States in an amount equivalent to the dividends received from the subsidiary, then the credit was to be limited to the amount of taxes payable to the United States on such income.

This being the purpose, Congress logically provided, in the first instance, that the credit for foreign taxes paid should be in the ratio of the accumulated profits of the subsidiary to the dividend paid by it out of those profits; but when it came to place a limitation on the credit, it made this depend on the ratio of the dividends received by the parent corporation in the taxable year to the entire net income of the parent corporation in that year, applied to the tax paid by the parent corporation for that year.

Congress dealt with two ratios in this subsection. The first was the ratio of the dividend paid by the subsidiary to the accumulated income of the subsidiary out of which it was paid. This ratio was applied to the taxes paid by the subsidiary. The second was the ratio of the dividends received by the parent company to the parent company's entire income for the year in which the dividends were received. This ratio was applied to the tax paid by the parent company to the United States.

■ In computing the limitation, the subsidiary's income for any taxable year was immaterial, because the sole purpose of the limitation was to prevent the dividend income from being taxed at a lesser rate than the domestic corporation's other income.

■ This limitation clause provides that the credit is limited to the proportion of the tax paid by the parent company "which the amount of such dividends" bears to the entire net income of the parent company in which such dividends are included. No dividend was received by the parent company in 1930 or 1931 or 1932. There is, therefore, no justification in the proviso for applying the ratio of any part of the subsidiary's profits in those years to the parent company's profits for the taxable year. The statutory ratio is dividends to entire net income in which the dividends are included. No other ratio is authorized. None other would have been logical because it was a ratio to be applied to the parent company's tax for the year in which the dividends were included in its income, for the purpose of preventing the dividend income from being taxed at a lesser rate than other income.

The taxpayer has followed literally the words of the proviso. It has applied the ratio of (1) "the amount of such divi-

624

dends" to (2) "the amount of the entire net income of the domestic corporation in which such dividends are included" to (3) "the tax against which the credit is taken." On the contrary, the Commissioner of Internal Revenue entirely disregards the ratio fixed by the statute, and takes the ratio of that part of the dividend paid out of the subsidiary's accumulated earnings for each of the years in which the dividend was earned by the subsidiary to the parent company's entire net income for the taxable year. There is no justification for this.

■ The ratio of dividends to entire net income applied to the tax paid by the domestic corporation equals $788,202.13, which exceeds by $36,676.35 the foreign tax of $751,525.78 deemed to have been paid by plaintiff. The Commissioner of Internal Revenue has allowed a credit against United States taxes of only $734,-296.22 of this amount. This has resulted in the taxpayer's paying on the same income $17,229.56 to both the Canadian Government and to this Government. The purpose of the provision for the credit was to prevent double taxation; American Chicle Co. v. United States, 316 U.S. 450, 62 S. Ct. 1144, 86 L.Ed. 1591; Burnet v. Chicago Portrait Co., 285 U.S. 1, 52 S.Ct. 275, 76 L.Ed. 587.

Beginning with the year 1921 the various revenue acts have contained substantially the same provision as that found in section 131(f), and ever since 1921 until the year 1938 the Commissioner of Internal Revenue has computed the limitation provision of the Act in the manner insisted upon by plaintiff. This was over a period of 17 years. Not until form No. 1118 (revised) was adopted in 1938 did the Commissioner come to the conclusion that in all prior years this limitation had been improperly applied. We are of opinion that it had been correctly applied, and that the revision of the computation thereof in 1938 was improper.

We are of opinion that the plaintiff is entitled to recover the sum of $41,832.89, with interest thereon as provided by law from December 15, 1934. Judgment for this amount will be entered. It is so ordered.

WHALEY, Chief Justice, and MADDEN and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.