GENERAL FOODS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2178. Promulgated October 19, 1944.

*George S. Herr, Esq.*, and *Oscar McPeak, Esq.*, for the petitioner.
*Walt Mandry, Esq.*, for the respondent.

### OPINION.

HARRON, *Judge*: The only question presented is the proper method of computing the foreign tax credit to which petitioner is entitled under section 131 (f) of the Revenue Act of 1934.[1]   During the tax-

---

[1] SEC. 131.   TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(f) TAXES OF FOREIGN SUBSIDIARY.—For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid which the amount of such dividends bears to the amount of such accumulated profits : *Provided.* That the amount of tax deemed to have been paid under this subsection shall in no case exceed the same proportion of the tax against which credit is taken which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included.   The term "accumulated profits" when used in this subsection in reference to a foreign corporation, means the amount of its gains, profits, or income in excess of the income, war-profits, and excess-profits taxes imposed upon or with respect to such profits or income ; and the Commissioner with the approval of the Secretary shall have full power to determine from the accumulated profits of what year or years such dividends were paid ; treating dividends paid in the first sixty days of any year as having been paid from the accumulated profits of the preceding year or years (unless to his satisfaction shown otherwise), and in other respects treating dividends as having been paid from the most recently accumulated gains, profits, or earnings.   In the case of a foreign corporation, the income, war-profits, and excess-profits taxes of which are determined on the basis of an accounting period of less than one year, the word "year" as used in this subsection shall be construed to mean such accounting period.

able years, petitioner had received dividends from certain of its wholly owned foreign subsidiaries. These subsidiaries had paid income taxes to a foreign government and the dividends received by petitioner were part of the income which had been previously taxed by the foreign government. The issue between the parties relates only to the amount of credit allowable under the statute. Petitioner contends that it is entitled to foreign tax credit in the amounts of $200,620.47 and $265,813.67 for the taxable years 1934 and 1935, respectively. Respondent claims that the proper amounts of credit are $196,613.66 and $228,193.36. The differences in the amounts of credit arise from different methods of computation based upon divergent interpretations of the statute.

In computing the foreign tax credit to which a domestic corporation is entitled under section 131 (f), two computations must be made. The first computation relates to the amount of foreign tax which the domestic corporation is deemed to have paid on the dividends received by it from its foreign subsidiary. This computation is made under the first part of section 131 (f) and, in the usual case, the amount of credit is readily determinable. However, in this proceeding, the computation is complicated by the fact that the dividends received by petitioner were paid in part from the subsidiary's profits of the current year and in part from the subsidiary's profits of prior years.

The second computation is based upon the proviso or limitation in section 131 (f) that the amount of foreign tax deemed to have been paid shall in no case exceed the ratio of the dividends received by the domestic corporation to the domestic corporation's entire income for the year in which the dividends were received applied to the United States tax of the domestic corporation for that year. These computations are separate and distinct from each other and involve ratios based upon entirely different factors. The parties disagree on the method to be applied to both computations.

The first computation is made under that part of section 131 (f) which provides that "a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends in any taxable year shall be deemed to have paid the same proportion of any income * * * taxes paid by such foreign corporation to any foreign country * * * upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits." The term "accumulated profits" is defined in the subsection as the amount of the foreign corporation's gains, profits, or income in excess of the taxes imposed upon such profits or income. The subsection further provides that respondent "shall

have full power to determine from the accumulated profits of what year or years such dividends were paid * * *."

In computing the foreign tax deemed to have been paid by petitioner under the subsection, respondent has used the ratio of the dividend paid by the subsidiary to the accumulated profits of the subsidiary from which such dividend was paid. He has then applied the ratio to the foreign taxes paid by the subsidiary. In this he has followed the statute. However, since the dividends were paid in part from the profits of the current year and in part from the profits of prior years, respondent, in order to apply the ratio, determined the accumulated profits for each year, the dividends paid out of accumulated profits segregated by years, and the foreign taxes paid for each year. He then computed the credit for the foreign tax deemed to have been paid by separate years and then took a total of such credits. See schedule 2. This was the method of computation used by petitioner on its original returns and it conformed to the rules and regulations in effect during the taxable years. The regulations provided that if a domestic corporation signified in its return a desire to claim the foreign tax credit, Treasury Department Form 1118 was to be filed and "that form was to be carefully filled in with all the information there called for and with the calculations of credits there indicated." Regulations 86, art. 131–3. Schedule B of Form 1118 required that the dividends paid out of accumulated profits be segregated by years, as well as the accumulated profits, as defined in the statute, the total profits, and the amount of tax payments made annually by the foreign subsidiary. The ratio as set forth in the first part of section 131 (f) was then applied for the separate years and the "amount of tax payments deemed to have been paid on profits distributed as dividends" was determined by totaling the credits for the separate years.

Petitioner argues that the language of the statute requires that the terms "accumulated profits," "the accumulated profits * * * from which such dividends were paid," and "the amount of such accumulated profits" be construed not as relating to the accumulated profits of a particular accounting year, but as relating to the entire amount, as a single sum or unit, of the accumulated profits of the foreign corporation from which the dividends received by the domestic corporation were paid. It argues that the term "accumulated profits" is properly to be considered as synonymous with "surplus" or "earned surplus." Similarly, it argues that the amount of dividends received by the domestic corporation within the taxable year is a single sum or unit, regardless of the number of accounting years from the accumulated profits of which such dividends were paid; that the "income * * * taxes paid * * * upon or with respect to the accumulated profits * * * from which such dividends were paid" are

a single unit derived by computation; and that only one computation is to be made to determine the tax paid upon or with respect to accumulated profits from which the dividend was paid.

We think respondent's method of computation under the first part of section 131 (f). is consistent with both the meaning and purpose of the statute. Although it has never been judicially passed upon, it has been consistently used over a long period of years and has been before the courts in many cases. See *American Chicle Co.* v. *United States*, 41 Fed. Supp. 537; affd., 316 U. S. 450; *Coca-Cola Co.* v. *United States*, 55 Fed. Supp. 616; *International Milling Co.* v. *United States*, 27 Fed. Supp. 592. The subsection gives the term "accumulated profits" a particular meaning and not the meaning for which petitioner contends. The meaning of "accumulated profits," as defined in the statute, can not be given effect when dividends are paid in part from prior years unless the dividends are segregated to separate years. The subsection gives the respondent the right to determine that segregation. Taxes are imposed on the profits of an accounting year or period and the term "accumulated profits" as defined in the subsection would indicate a meaning of annual accumulated profits rather than accumulated profits in the nature of surplus. To properly give effect to the language of the subsection, it is necessary to relate the tax credit to the particular year or years in which the accumulated profits (from which the dividends were paid) were earned and taxed. The legislative history of the subsection also supports this interpretation. See *American Chicle Co.* v. *United States*, 316 U. S. 450.

Petitioner's computation of the foreign tax credit with respect to the dividend received from Douglas-Pectin, as set forth in schedule 1 in the findings of fact, is difficult to understand and does not appear to be in accordance with the language and purpose of the subsection. The ratio set forth in the subsection is the dividend paid to the accumulated profits on which the foreign taxes were levied. On brief, however, petitioner claims that the dividend paid aggregates the accumulated profits; i. e., petitioner argues that the accumulated profits of the foreign corporation from which a dividend or series of dividends is paid during the taxable year of the domestic corporation must in the aggregate be equal to the total amount of the dividends so paid. This apparently renders the statutory language ineffective. The first nine items of petitioner's computation in schedule 1 are determined on the basis of separate years. The tenth item then applies a ratio of the totals of the separate years. The effect of the tenth is to strike a mean figure of the foreign tax deemed to have been paid. The result of that mean figure is that the tax deemed to have been paid for one of the years may actually exceed the foreign tax paid by the

subsidiary for that year. The language of the subsection does not warrant a result of that nature.

Moreover, petitioner states in its brief that the directions contained in article 131-3 of Regulations 86 and the instructions contained in Treasury Department Form 1118, considered together, are reasonably to be construed as representing administrative regulations interpreting the subsection. Petitioner agrees that the reenactment of the subsection without material change at a time when the administrative regulations had been in effect over an extended period gives validity to the interpretation of the subsection as set forth in the regulations. But, petitioner argues that the language of the subsection plainly and unambiguously sustains its method of computation. The position of the petitioner, accordingly, appears to be that the terms of section 131 (f) have been misconstrued, which puts the regulations off on the wrong track. For the reasons heretofore stated, we can not agree with petitioner in this respect. It is, therefore, held that respondent's method of computing the foreign tax deemed to have been paid by petitioner under the first part of section 131 (f) is sustained.

The next question is the proper computation of the limitation on the amount of the credit for taxes deemed to have been paid the foreign country as set forth in the proviso to section 131 (f), which reads as follows:

*Provided,* That the amount of tax deemed to have been paid under this subsection shall in no case exceed the same proportion of the tax against which credit is taken which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included.

In computing the tax under the limitation, petitioner has followed the exact words of the statute, using the following formula:

$$\frac{\text{Amount of Total Dividends Received by Petitioner}}{\begin{array}{c}\text{Entire Net Income of}\\\text{Petitioner in which}\\\text{Dividend Received}\\\text{from Subsidiary was}\\\text{Included}\end{array}} \times \begin{array}{c}\text{United States Tax}\\\text{of Petitioner}\\\text{Against which}\\\text{Foreign Tax Credit}\\\text{is claimed}\end{array} = \begin{array}{c}\text{Limitation Upon}\\\text{Amount of Tax}\\\text{Deemed to have been}\\\text{Paid by Petitioner}\\\text{Under Proviso of}\\\text{Section 131 (f)}\end{array}$$

We think this method of computing the limitation against the credit is correct.

As heretofore stated, section 131 (f) in its entirety requires two separate and unrelated methods of computation. In the first computation it is necessary to ascertain the tax credit by separate years in order to give credit for a proportion of the foreign subsidiary's taxes attributable to the accumulated profits of prior years from which part of the dividends were paid. The purpose of this computation is to ascertain the amount of the foreign taxes deemed to have been paid by the domestic corporation by virtue of the receipt of dividends from the foreign subsidiary. The purpose of the proviso, however, is to

prevent the dividend income from being taxed at a lesser rate than the domestic corporation's other income. See *Coca-Cola Co.* v. *United States, supra.* In this view, it is unnecessary and immaterial to compute by separate years the dividends paid out of accumulated profits or to apply the ratio of the amount of dividends paid out of accumulated income for each separate year to the entire net income of the domestic corporation for the taxable year, as was done by respondent.

Petitioner's method of computing the limitation on the credit conforms to the method which respondent prescribed in Treasury Department Form 1118, in effect during the taxable years. See line 15 of schedule 1. Petitioner has done no more than to comply with respondent's own rules. See *Coca-Cola Co.* v. *United States, supra.* Petitioner's method of computing the limitation on the credit as set forth in the proviso to section 131 (f) is sustained. Accordingly,

*Decision will be entered under Rule 50.*