17424

Sam W. FENNELL, Respondent, v. SOUTH CAROLINA TAX COMMISSION *et al.,* Appellants

(103 S. E. (2d) 424)

44

*Messrs. T. C. Callison, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Appellants,*

*Messrs. Herbert & Dial,* of Columbia, *for Respondent,*

May 13, 1958.

STUKES, Chief Justice.

This action is for the recovery of state income taxes for the years 1950 and 1951 which were paid under protest by the respondent, who instituted suit against the Tax Commission for recovery pursuant to section 65-2662 of the Code of 1952. He recovered judgment and appeal by the Commission followed.

Respondent is a dentist residing in North Augusta in this State but practicing exclusively in Augusta, Georgia, where he maintains his dental office. During the years in question Georgia did not levy a tax upon the income although it was earned in that state. Neither did this state prior to that time and it was expressly ruled by the Commission in 1943 that the South Carolina tax was inapplicable to it. However, this ruling was reversed in January 1950, upon the advice of the Attorney General of the State, whereby the net income earned by respondent by the practice of his profession in Georgia was held to be subject to the income tax of this state.

The controversy revolves around the construction and application of Section 65-259 of the Code of 1952 (Section 2449 of the Code of 1942) which prescribes deductions from gross income in order to determine the net income which is subject to tax. Subsection (10) of Section 65-259 follows:

"(10) The net income of resident individuals and corporations having an established business in another state or an investment in property in another state from such business or investment, this deduction in no case to extend to any part of the income of resident individuals and corpora-

tions from personal services or mortgages, stocks, bonds, securities or deposits."

It is the well established rule that deductions from gross income are not a matter of right. They are a matter of legislative grace, and a taxpayer claiming a deduction must bring himself squarely within the terms of a statute expressly authorizing it. 85 C. J. S. Taxation § 1099, p. 771; *Southern Weaving Co. v. Query,* 206 S. C. 307, 34 S. E. (2d) 51.

The issue between the parties at bar is that respondent contends, and the lower court held, that his practice of dentistry constitutes "an established business", and his net income therefrom may be deducted from gross income; whereas the appellant asserts that it is income from "personal services" and may not be deducted from gross income.

Resort is had by respondent to the general definition contained in Section 65-202 wherein "business" includes profession. On the other hand, under Section 65-251 gross income means income, quoting, "derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, business," etc. A profession and a business are thereby differentiated. And that comports with the common acceptance of the meaning of the terms. It is not understood that one who is engaged in the practice of a profession is engaged in business; the latter term relates rather to trade and commerce. A dentist is compensated for his personal services to his patients. His office may not be fairly characterized as a business.

The following definition of services is from Webster: "Any result of useful labor which does not produce a tangible commodity. In economics, such business concerns as railroads, telephone companies, or laundries, *and such persons as physicians, are regarded as performing services."* (Emphasis added.) In *Johnson v. U. S.,* 9 Cir., 135 F. (2d) 125, it was held that a lawyer in his practice ren-

ders "personal services"; in *Graham v. Commissioner of Internal Revenue,* 9 Cir., 95 F. (2d) 174, an architect; and in *McCoy v. Cornell,* 40 Iowa 457, a physician. 32 Words and Phrases, Personal Services, p. 569. Of course, business methods are ordinarily requisite to success in the practice of a profession; and office equipment, technical assistants, appliances, and bookkeeping are generally necessary to the successful practice of all of the professions, including doctors, dentists, lawyers, engineers, architects, and others; but their income is derived from the rendition of personal services to their patients and clients. Therefore, respondent's out-of-state earnings as a dentist were not deductible from gross income, under the express terms of the statute. Sec. 65-259 (10).

That section governs particularly the question in issue. Respondent relies upon the general definition section (65-202) of the law, which may be said to be a preliminary to the meat of it. It is subject to the following rule of statutory construction which is quoted from *Johnson v. Pratt,* 200 S. C. 315, 335, 20 S. E. (2d) 865, 873: "We think that too great reliance was placed by the Circuit Judge in the general language of the declaration of policy, which is in the nature of a preamble to the specific provisions of the Act. It is too well recognized to require the citation of authority that when words of general import are followed by words of particular or restricted import relating to the same subject matter, the latter will operate to limit or to restrict the former. Certainly, the specific language of Section 5(d) is a very definite limitation on the provisions in the preamble." However "business" may have been generally defined in Sec. 65-202, the income of a resident from personal services in another state was excluded from the deductions from gross income perforce Sec. 65-259(10) which is the particular, governing provision of the law.

We are not unmindful that the former construction of the law by the Commission and its 1943 ruling with respect to the income earned by residents by the practice of their profession in other states is entitled to

weight, for which respondent cites *G. E. Moore Co. v. Walker*, S. C., 102 S. E. (2d) 106, and earlier authorities. However, here there was a reversal in 1950 by the Commission of its former ruling. It was not bound by the former error of its ways and neither is the court. An administrative ruling is not so sacrosanct as to be beyond the correction of error; it need not perpetuate error. 42 Am. Jur. 411, Public Administrative Law, Sec. 84. *American Chicle Co. v. U. S.*, 316 U. S. 450, 62 S. Ct. 1144, 86 L. Ed. 1591. *Stone Mfg. Co. v. South Carolina Emp. Sec. Comm.*, 219 S. C. 239, 64 S. E. (2d) 644. Moreover, in 1956 the General Assembly enacted the following amendment to the income tax law, Section 65-340 of the 1957 Cumulative Supplement to the Code, which constitutes legislative approval of the Commission ruling of 1950:

"When a resident of this State has become liable to income tax in another state on account of income earned from personal services rendered in such other state, the Commission shall credit the amount of income tax payable by him under this chapter, for the income year, with the amount of tax paid by him to another state on income taxable by this State. In no case shall such credit exceed an amount equivalent to the proportion of South Carolina income tax attributable to the income taxable by another state."

Neither have we overlooked the principle that in the construction of tax statutes substantial doubts are resolved in favor of the taxpayer. *South Carolina Electric & Gas Co. v. Pinckney*, 217 S. C. 407, 60 S. E. (2d) 851. Here, however, reasonable construction of the statute as a whole leaves no doubt of its meaning in the particular involved.

As stated above, this case does not involve double state income taxation for the years in question. Admittedly, Georgia did not impose its income tax upon respondent during those years. Compare *Phillips v. South Carolina Tax Commission*, 195 S. C. 472, 12 S. E. (2d) 13.

The judgment is reversed and the action dismissed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.