### EASTMAN KODAK CO. v. UNITED STATES.
### No. 45502.

Court of Claims.
Feb. 1, 1943.

358

James S. Y. Ivins, of Washington, D. C. (Richard B. Barker and Ivins, Phillips, Graves & Barker, all of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This case involves the question of the credit to which a taxpayer is entitled for foreign taxes paid by its foreign subsidiary.

Until 1931 a taxpayer had been permitted to take credit for foreign taxes paid computed according to the formula insisted upon by plaintiff, but in that year the Commissioner changed the formula to that applied in this case. The same question was presented in American Chicle Company v. United States, 94 Ct.Cl. 699; 316 U.S. 450, 62 S.Ct. 1144, 86 L.Ed. 1591, except that the years involved in that case were after the change in practice, and the years here involved were prior thereto. In that case both this court and the Supreme Court held the foreign tax credit should be computed according to the later formula.

The plaintiff says, however, that this may not be done where the years involved were prior to the change in practice. It says the credit must be computed according to the practice in force at the time the right to the credit accrued.

This is necessarily based on the premise that the regulations make the law; but this is not always true. The Commissioner has power to make regulations which have the force and effect of law if they are within the general scope of the Act and are addressed to and are reasonably adapted to its enforcement, but he has no power to extend or limit a statute or modify its meaning. United States v. 200 Barrels of Whiskey, 95 U.S. 571, 24 L.Ed. 491; Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297; Campbell v. Galeno Chemical Co., 281 U.S. 599, 610, 50 S.Ct. 412, 74 L.Ed. 1063; International Railway Co. v. Davidson, 257 U.S. 506, 514, 42 S.Ct. 179, 66 L.Ed. 341.

The regulation involved here was not adopted pursuant to a power conferred on the Commissioner to supply some legislative detail within the general scope of the Act, but was an interpretation of the meaning of the statute. Such a regulation no more makes the law than does a decision of this court. It is the statute that makes the law, and the statute always means the same thing, however the Com-

missioner or the courts may construe it. It necessarily follows that an interpretative regulation has validity only if correct. United States v. Harrison Johnston, 124 U.S. 236, 8 S.Ct. 446, 31 L.Ed. 389; Brown v. United States, 113 U.S. 568, 5 S.Ct. 648, 28 L.Ed. 1079; United States v. Graham, 110 U.S. 219, 221, 3 S.Ct. 582, 28 L. Ed. 126; United States v. Alabama Great Southern Railroad Co., 142 U.S. 615, 12 S.Ct. 306, 35 L.Ed. 1134.

The sole question here, then, is whether or not the statute was properly construed in this case, whether or not previously it had been construed another way. Both this court and the Supreme Court have held proper the construction put on it. American Chicle Co. v. United States, supra.

This is not contrary to the opinion of the Supreme Court in Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 59 S.Ct. 423, 83 L.Ed. 536. The court was there dealing with a regulation, not a practice. It was held to be binding because of repeated reenactment of the statute construed. This was held to be legislative approval of the existing regulation, which gave it the force of law, and that Congress did not intend to give the Secretary of the Treasury the right to repeal existing law, by changing his construction of the statute, and make that repeal retroactive.

This is not the case before us. During the years with which we are concerned here there was no regulation governing the computation of the credit for foreign taxes. The income-tax forms, it is true, provided for its computation in the way for which plaintiff contends, and such had been the administrative practice, but there is nothing to show that Congress had knowledge of these facts when in 1928, § 131, 26 U.S.C.A. Int.Rev.Acts page 394, it reenacted this portion of the 1926 Act. The Congress may be said to legislatively know of the regulations promulgated under prior Acts, but it is not charged with knowledge of the many forms issued from time to time and of unpublished methods of computation, especially where they have existed for only a brief period. Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783.

In the Reynolds Tobacco Co. case the regulation had been in force for many years and the legislation had been many times reenacted; here the practice was not sanctioned by regulation and it had been in force but two years since the passage of the 1926 Act, and the provision was reenacted but once. In such circumstances there is no presumption that Congress knew of the practice and approved it. Such a presumption does not arise unless the practice has been long continued. Higgins v. Commissioner, supra; Casey v. Sterling Cider Co., 1 Cir., 294 F. 426.

We think the case at bar is controlled by Helvering v. Reynolds, 313 U.S. 428, 61 S.Ct. 971, 85 L.Ed. 1438, 134 A.L.R. 1155. That case involved the computation of the gain from the sale of securities acquired by bequest. The statute provided that the basis therefor should be the fair market value "at the time of such acquisition." The taxpayer's father died in 1918 leaving to him a contingent remainder in the securities, which ripened into possession on April 4, 1934.

Not until February 11, 1935, did the Treasury promulgate regulations construing the phrase "at the time of such acquisition"; but for a long time prior thereto in certain office decisions the Treasury had held that a beneficiary had not acquired the property so long as his interest was merely contingent, and there had been decisions of the lower courts to the same effect. In 1935 the Treasury changed its view and promulgated a regulation holding the beneficiary acquired the property at the death of the testator, even though his interest was then contingent. The taxpayer insisted that this regulation could not apply to his transaction because promulgated thereafter, and that the date of his acquisition of the property must be determined according to the decisions of the Treasury and of the courts in force at the time of his father's death.

The Supreme Court rejected this contention. It said the prior rulings had not become so imbedded in the law that only Congress could change them, but that the administrative agency might do so, and if its later interpretation was correct, it would apply to past transactions as well as to future ones.

This is the case here. The Commissioner's method of computing the foreign tax credit has been held by this court and by the Supreme Court to be in conformity

with the statute. It, therefore, must be followed in all cases to which the statute applies, whether the year in question was before or after the change in practice.

It results that defendant's motion to dismiss must be sustained and plaintiff's petition dismissed. It is so ordered.