The lease provided for 30 days' notice and plaintiff could have insisted on that notice, but in that event defendant would have had the use of the land for another year had it so desired. Evidently plaintiff preferred to agree to the cancellation and by so doing waived the 30 days' notice. Smith v. United States, 96 Ct.Cl. 326, 340; Kalbritan v. Padover, 264 Mass. 26, 161 N.E. 898.

The plaintiff is entitled to recover the sum of $12,920.25.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.

## PHILADELPHIA ELECTRIC CO.
### v.
### UNITED STATES.
### No. 50253.

United States Court of Claims.

Jan. 5, 1954.

Leonard A. Spalding, Philadelphia, Pa., Alfred J. McDowell, Philadelphia, Pa., J. Louis Monarch, and Morgan, Lewis & Bockius, Washington, D. C., on the briefs, for plaintiff.

H. S. Fessenden, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff is a public utility company. In the computation of its surtax net in-

come it seeks to deduct dividends paid by it on some of its stock, which it alleges is preferred stock as defined in section 26 of the Internal Revenue Code, 26 U.S.C.A. § 26. The Commissioner of Internal Revenue disallowed the deduction and plaintiff, having paid the tax computed without it, sues to recover it.

The question presented is whether or not the stock is in fact preferred stock as defined in that section.

Section 15, as added by sec. 201 of the Revenue Act of 1940, 54 Stat. 516, and amended by sec. 105(b) of the Revenue Act of 1942, 56 Stat. 798, 26 U.S.C.A. § 15, levies a tax on a corporation's surtax net income, and section 26 provides that a public utility company is entitled to a credit against its surtax net income of "the amount of dividends paid during the taxable year on its preferred stock." Preferred stock is defined in section 26(h) (2) (B) as follows:

"The term 'preferred stock' means stock issued prior to October 1, 1942, which during the whole of the taxable year * * * was stock the dividends in respect of which were cumulative, limited to the same amount, and payable in preference to the payment of dividends on other stock. * * *"

The stock in question was not issued prior to October 1, 1942, but section 26(h) (2) (B) further provides:

" * * * Stock issued on or after October 1, 1942, shall be deemed for the purposes of this paragraph to have been issued prior to October 1, 1942, if it was issued (including issuance either by the same or another corporation in a transaction which is a reorganization, as defined in section 112(g) (1), or a transaction to which section 112(b) (10), or so much of section 112(d) or (e) as relates to section 112(b) (10), is applicable, or which is a transaction subject to Supplement (R) to refund or replace bonds or debentures issued prior to October 1, 1942, or to refund or replace oth-

er preferred stock (including stock which is preferred stock by reason of this sentence), but only to the extent that the par or stated value of the new stock does not exceed the par, stated, or face value of the bonds or debentures issued prior to October 1, 1942, or the other preferred stock, which such new stock is issued to refund or replace. * * *"

No contention is made that the transaction under which the alleged preferred stock in question was issued does not come within the quoted provision of section 26(h) (2) (B). The only issue, as stated above, is whether or not the stock plaintiff did issue is preferred stock. However, it might be well to briefly state the circumstances surrounding the issuance of this alleged preferred stock.

On and prior to December 22, 1942, and until June 11, 1943, the latter date being the date of the issuance of the so-called preferred stock, plaintiff was a subsidiary of United Gas Improvement Company. Prior to December 22, 1942, the Securities and Exchange Commission issued an order requiring United Gas Improvement Company to divest itself of its holdings in the common stock of plaintiff, among other securities. On December 22, 1942, United Gas Improvement Company filed with the Securities and Exchange Commission a plan for doing so. That plan was approved by the Securities and Exchange Commission on March 18, 1943, and it was carried out, effective June 11, 1943.

Prior to the inception of the plan, from December 22, 1942, to June 11, 1943, plaintiff had an authorized capital of 15,000,000 shares of common stock without par value, of which 10,529,230 shares were outstanding. These outstanding shares had a book value of $137,816,005. Plaintiff retired these 10,529,230 shares, and issued in lieu thereof 2,369,076 shares of the so-called preferred stock, and 8,160,154 shares of new no par common stock. The preferred stock and new common stock had

the same book value as the 10,529,230 shares of the old no par common stock.

On June 11, 1943, United Gas Improvement Company was the holder of 10,-244,262 shares of the old no par common stock of plaintiff. Under the plan it received therefor 2,304,958.95 shares of plaintiff's so-called preferred stock and 7,939,303.05 shares of the new no par common stock of plaintiff.

At the same time, the United Gas Improvement Company authorized the distribution of 2,295,438 shares of plaintiff's so-called preferred stock, and $30,-605,840 in cash, in exchange for 765,146 shares of its outstanding $5.00 dividend preferred stock, which had a book value of $75,139,726. The value of plaintiff's so-called preferred stock issued to the holders of the preferred stock of the United Gas Improvement Company was $30,044,751.12, so that the total of the value of this stock and the cash distributed to the holders of the preferred stock of the United Gas Improvement Company was $60,650,591.12, which was less than the value of the outstanding preferred stock of the United Gas Improvement Company for which it was exchanged.

It will thus be seen, as is conceded, that the transaction comes within the terms of section 26(h) (2) (B) of the Internal Revenue Code, provided the so-called preferred stock issued by plaintiff was in fact preferred stock as defined in that section.

We repeat the statutory definition of "preferred stock," for the sake of convenience:

"The term 'preferred stock' means stock issued prior to October 1, 1942, which during the whole of the taxable year * * * was stock the dividends in respect of which were cumulative, limited to the same amount, and payable in preference to the payment of dividends on other stock. * * *"

Defendant concedes the dividends on this stock were cumulative, that they were limited to $1.00 per share, and that they were payable in preference to dividends payable on other stock. It, however, says the stock has not the further characteristic which was added by section 29.26–5(a) of Treasury Regulations 111, as amended by T.D. 5384, 1944 Cum.Bull. 148. The second paragraph of this section reads:

"For the purposes of section 26 (h) 'preferred stock means stock which was issued prior to October 1, 1942, except as provided in subsection (c) of this section for taxable years beginning after December 31, 1943, and which during the whole of the taxable year * * * was stock nonparticipating as to earnings or profits *either currently or in liquidation,* the dividends in respect of which were cumulative and payable in preference to the payment of dividends on other stock. In addition, the preferred stock must be such that the rate of return is fixed and cannot be changed by a vote of the board of directors or by some similar method. * * *" [Italics ours.]

The prerequisite added by the regulation is that the stock should not have the right to participate in earnings or profits "either currently or in liquidation." It is not disputed that this stock did not participate in the earnings currently, but on liquidation they did participate equally with the common stock in the assets of the company, which, of course, would include any undistributed earnings.

The statute does not contain this limitation. It requires only that dividends on the stock be cumulative and limited to the same amount, and payable in preference to payment of dividends on other stock. It says nothing about the right of this stock to participate with the common stock in the assets of the company on liquidation. The statute was concerned with dividends paid while the company was in operation; it was not concerned with the distribution of the assets of the corporation on liquidation.

Treasury regulations have the force and effect of law where they are reasonably designed to carry out the intent of Congress, but they cannot add a condition on a right which Congress did not impose, unless the addition was necessary in order to make effective the conditions imposed by Congress. Helvering v. Credit Alliance Corp., 316 U. S. 107, 113, 62 S.Ct. 989, 86 L.Ed. 1307; Helvering v. Reynolds, 313 U.S. 428, 61 S.Ct. 971, 85 L.Ed. 1438; Campbell v. Galeno Chemical Co., 281 U.S. 599, 610, 50 S.Ct. 412, 74 L.Ed. 1063; Eastman Kodak Co. v. United States, 48 F.Supp. 357, 99 Ct.Cl. 569.

In the Credit Alliance Corp. case, supra, 316 U.S. at page 113, 62 S.Ct. at page 992, the court said:

"In view of what we have said as to the plain meaning of subsection (f), we think that no complexity or confusion is discoverable and that the regulation not only was contradictory of the plain terms of the subsection but attempted to add a supplementary legislative provision, which could only have been enacted by Congress. We hold, therefore, that the court below was right in refusing to give effect to the regulation."

In Campbell v. Galeno Chemical Co., supra, 281 U.S. at page 610, 50 S.Ct. at page 415, the court said:

"The limits of the power to issue regulations are well settled. International Ry. Co. v. Davidson, 257 U.S. 506, 514, 42 S.Ct. 179, 66 L.Ed. 341. They may not extend a statute or modify its provisions. * * *"

The condition imposed by the regulations in this case was in addition to the conditions imposed by statute and was not necessary in order to make effective any one of the statutory conditions, and is, therefore, invalid.

The fact that plaintiff called this stock "preference common stock" makes no difference; the name given it makes no difference. The test is: Has it those qualities which *the statute* says it must have in order to be preferred stock.

We think it does, and, therefore, that plaintiff is entitled to a credit against its surtax net income of the amount of dividends paid on it.

Plaintiff is entitled to judgment for the amount by which its taxes were overpaid by reason of the disallowance of the credit which it claimed of the amount of these dividends against its surtax net income.

The entry of judgment will be suspended until the incoming of a stipulation between the parties showing the amount due plaintiff computed in accordance with this opinion, or, in the absence of a stipulation, until the incoming of a report of a commissioner showing the amount due. It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

**ALEUT COMMUNITY OF ST. PAUL ISLAND**

v.

**UNITED STATES.**

No. 427–52.

United States Court of Claims.

Jan. 5, 1954.