In the Matter of **PITTSBURGH RAILWAYS COMPANY, Debtor.**

No. 20225.

United States District Court
W. D. Pennsylvania.
April 10, 1957.

Samuel L. Fuss, Pittsburgh, Pa., for trustee.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., James P. Garland and C. Stanley Titus, Washington, D. C., for the United States.

WALLACE S. GOURLEY, Chief Judge.

In this reorganization proceeding trustee of Pittsburgh Railways Company petitions for an order directing the United States of America to refund certain interest alleged to have been illegally, erroneously or excessively collected. The United States of America moves the court to dismiss said petition.

Two questions are posed:

1. Does this court sitting as a Court of Bankruptcy in a proceeding for reorganization of a corporation under Chapter X of the Bankruptcy Act, as amended, 11 U.S.C.A. § 501 et seq., have jurisdiction to hear and determine the trustee's suit for refund of an alleged erroneous Internal Revenue collection?

2. Where trustee of the debtor negotiated a compromise and settlement of the government's claims for taxes and interest filed in the proceeding, and submitted an offer which was accepted by

the Secretary of the Treasury for a designated amount together with statutory interest until the date of payment, and the United States Supreme Court having subsequently ruled that the United States is entitled to interest on tax claims only to the date of the commencement of the reorganization proceeding, may the trustee now secure refund of said statutory interest for that period beyond the commencement of the reorganization proceeding?

This proceeding was commenced in this court on May 10, 1938, by the filing of a petition for reorganization of the corporation. Thereafter the United States filed claims for various taxes and interest thereon to date of payment of said taxes.

Negotiations were conducted between counsel for the debtor and representatives of the Chief Counsel for the Internal Revenue resulting in the submission of an offer in settlement by the trustee for the debtor by letter dated June 15, 1950, the last paragraph of which reads as follows:

> "Pursuant to the said authority granted under the Plan, we the Trustees of Pittsburgh Railways Company and Pittsburgh Motor Coach Company, respectfully submit an offer of settlement of the said tax claims, subject to the approval of the Reorganization Court, on the basis of (a) fifty per centum (50%) of the tax amounts of the claims included in the foregoing under Group I (50% of $158,880.72) or $79,440.-36, together with statutory interest on the said $79,440.36 from the due date of the various reduced amounts to the date of payment; and (b) the full amount of the said tax claims included in the foregoing under Group II; or $55,529.24, together with statutory interest on the said $55,529.24 from the due date of the various amounts to the date of payment; and (c) with the understanding that the amount offered herein in settlement of said tax claims will be paid not later than sixty (60) days after the date of the allowance of the said claims."

This offer was duly considered and accepted by the Secretary of the Treasury.

On December 5, 1950, my late associate, Judge Owen M. Burns, entered an order, without objection, approving this settlement and authorizing the trustee to pay the taxes and interest as agreed to and directing that stipulations be entered into with Government counsel to appropriately dispose of the cases pending in the Tax Court of the United States.

Payment of $257,023.93 was made on December 15, 1950, fully completing the compromise and settlement.

Subsequent thereto, and after the death of Judge Burns, this member of the court held to a contrary view of Judge Burns and concluded that tax claims in reorganization proceedings bear interest only to the date of commencement of reorganization. In re Industrial Machine & Supply Co., D.C., 112 F.Supp. 261. It was my judgment that by reason of the unavailability of Judge Burns, exceptional circumstances had arisen upon which one judge of a District Court might overrule a decision of another judge of the same court. TCF Film Corp. v. Gourley, 3 Cir., 240 F.2d 711.

In addition, after the compromise and settlement had been thus completed, on January 14, 1952, the Supreme Court of the United States in the case of United States v. Edens, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682, by per curiam decision affirmed the United States Court of Appeals for the Fourth Circuit, 189 F.2d 876, holding that the government could not collect interest beyond the date a petition in reorganization was filed.

Thereafter, petitioner filed claims for refund seeking the return of interest computed on the taxes paid from May 10, 1938, the date the petition for reorganization was filed, to date of payment of the sum agreed on plus interest thereon.

The United States contends that the instant action is, in reality, a refund

suit and exclusive jurisdiction is conferred upon this court sitting as a District Court, and not as a Court in Bankruptcy.

The argument interposed in this regard is directed at a highly technical view, since the acceptance of the Government's conclusion would merely necessitate the filing of an additional pleading of which the court might make disposition sitting in the capacity of the District Court.

Nevertheless, it is my judgment that this court is vested with jurisdiction to entertain said petition while sitting as a Court in Bankruptcy.

I advert to the following provision of law which has application to proceedings in reorganization:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed." 11 U.S.C.A. § 93, sub. k.

■ The agreement on the part of the Reorganization Trustees and the Secretary of the Treasury, authorizing and directing the Reorganization Trustees to pay the same, and the payment thereof on December 15, 1950, were based on a mutual mistake that legal liability existed for interest on taxes involved from the date of the commencement of the reorganization proceedings to the date of the payment.

■ The Government does not dispute the retrospective operation of the Supreme Court's determination that interest is not collectible beyond the date a petition in reorganization is filed. Recognizing the broad retroactive application of treasury regulations and their amendments in evaluating taxable obligations as accepted practice by the Treasury Department of the United States and approved by the courts, I am satisfied that the ruling of the United States Supreme Court must be related back to the date of payment when said settlement was consummated. Helvering v. Wilshire Oil Co., 308 U.S. 90, 60 S.Ct. 18, 84 L.Ed. 101; Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528; Eastman Kodak Co. v. United States, 48 F. Supp. 357, 99 Ct.Cl. 569.

Since the Government has failed to produce any evidence to establish that payment of statutory interest was a moving factor in effectuating the agreement, and upon detailed examination of the language of the agreement, I am satisfied that the phrase "with statutory interest to the date of payment" was incidental to said agreement and was automatically invoked on the basis of a mutual misapprehension of the law resulting, no doubt, from the confused state of the law at the time of settlement.

In the application of equitable principles, I cannot but help conclude that a payment made to the United States premised upon a mutual mistake constitutes an unjust enrichment, and in all good conscience restitution thereof should be made.

■ Petitioner's request for payment of legal interest from the date of payment, December 15, 1950, is not well taken. Since the determination of the question that legal interest ceases to run on tax claims upon the commencement of a reorganization proceeding was not finally adjudicated by the Supreme Court of the United States until January 14, 1952, and since subsequent thereto, possible legal doubt may have existed as to the duty of the Government to make automatic restitution of the same, I do not believe that the interests of justice would be subserved in requiring the United States of America to pay legal interest from the date of payment.

An appropriate order is entered together with order of judgment.